UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAURIE ANCONA REINE** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER**: 06-673-RET-DLD |
| **HONEYWELL INTERNATIONAL, INC.** | |

## ORDER

This matter is before the Court on plaintiff's motion to compel discovery. (rec. doc. 23). The motion is opposed.

Plaintiff filed a complaint on September 11, 2006, alleging that she was subjected to a pattern and practice of sex-based harassment by her former supervisor beginning in June 2000, at Honeywell's Geismar location. Plaintiff, a Caucasian female, also alleges that this supervisor engaged in patterns and practices of sex-based harassment towards other females, and race-based harassment toward African-American employees. Plaintiff alleges that the supervisor's harassment of her and others has been continuing, and is so severe and pervasive as to render the plaintiff's work place hostile to the plaintiff and other female employees. Further, plaintiff contends that the defendant's conduct in allegedly declining to take appropriate remedial action in response to her complaint constitutes discrimination based on sex in violation of 42 U.S.C. §2000e-2(a) and retaliation in violation of 42 U.S.C. §2000e-3(a).

### *The Motion to Compel*

On June 25, 2007, plaintiff served a Rule 30(b)(6) deposition notice and a request for production of documents upon defendant. Plaintiff's counsel could not arrange a mutually convenient time for the 30(b)(6) deposition until September 19, 2007, and the

deposition was re-noticed for September 24, 2007. On September 11, 2007, before the service of the re-notice of 30(b)(6) deposition, the defendant filed objections to the notice and to the request for production of documents.[1]

The motion to compel concerns three issues: 1) defendant's alleged failure to provide a corporate representative to testify regarding four (4) topics out of twenty-eight topics (28);  2) defendant's alleged failure to make a formal return in connection with the Request for Production; and 3) defendant's alleged failure to produce documents responsive to Requests 2, 5, 6, 7, 8, 10, 11, 12, 13, 15, 16, 17, 18, 19, 22, 25,[2] 26, 27, including but not limited to producing a privilege log.  Plaintiff seeks sanctions under F.R.C.P. 37 for Honeywell's alleged failure to fulfill its Rule 30(b)(6) obligations and its failure to respond completely to discovery.

Defendant responds that it has either produced the documents, the documents requested are not relevant to the plaintiff's claims, and/or are overbroad in scope and burdensome. Defendant did not address plaintiff's contention that it failed to make a formal return in connection with the request for production, and did not state whether or not a privilege log was produced for those items for which Defendant claimed a privilege existed. Defendant further asserts that the parties agreed to another Rule 30(b)(6) deponent, if necessary.

**The Law**

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Federal Rules of Civil

---

[1] It is unclear from the motion or the opposition if the objections were timely.

[2] This request is listed only in the motion, but not addressed in the memorandum in support.

Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1). However, once a relevancy objection has been raised, the party seeking the discovery must demonstrate that the request is within the scope of discovery. Once this showing has been made, the responding party must make a showing of some sufficient reason why discovery should not be allowed. <u>Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.</u>, 174 F.R.D. 609 (D.C. Pa. 1997).

While FRCP 26 teaches that the court may impose certain limitations, the imposition of unnecessary limitations on discovery is especially to be avoided in Title VII cases. <u>Trevino v. Celanese Corp.</u>, 701 F.2d 397, 405 (5th Cir. 1983). Title VII of the Civil Rights Act of 1964 prohibits an employer from discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." <u>42 U.S.C. § 2000e-2(a)</u> (West 2000).

### *Discussion*

The plaintiff alleged a pattern and practice of sex-based and race-based harassment. She also alleged several incidents of sexual harassment, racial harassment and discrimination toward other employees in her presence, which subjected her to a hostile work environment.[3]

---

[3] The fact that she allegedly experienced discrimination and harassment herself does not mean that she has to be the target of <u>other instances of hostility</u> in the workplace in order for those other instances to support her claims. The plaintiff's burden at trial will be to show that not only did she personally consider the environment to be hostile, but that the hostility in the environment rose to an objective level. *Liebovitz v. New York City Transit Authority*, 252 F.3d 179 (2d Cir. 2001); *Harris v. Forklift Sys., Inc*, 510 U.S. 17, 21, 114 S.Ct. 367 (1993); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000).

While the parties were not very clear regarding the factual background (number of supervisors, geographical location, duration, alleged incidents and timing, etc.), the court will nevertheless address the specific areas of dispute with as much particularity as the context will allow.

### *The 30(b)(b) Corporate Representative Deposition*

Plaintiff requested a Rule 30(b) deposition covering 28 topics, and attached a Request for Production for 28 categories of documents. Defendant designated J. Williams as the corporate representative[4] for the Rule 30(b)(6) deposition held on September 24, 2007. Plaintiff alleges that Williams was unprepared, unable, and failed to testify about "many listed topics and documents,"[5] in violation of defendant's obligations under Rule 30(b)(6). Specifically, Plaintiff complains that Williams was unprepared to testify on topics 8, 11, 17, and 21 of 28 possible topics.

Those topics, and Defendant's responses to those topics, are as follows:

Topic No. 8:

To testify regarding company policy /policies, manuals, handbooks, or other written or non-written practices on equal opportunity employment, promotions, hiring, discipline, promoting, and firing, which is or was in effect since 2000 through present.

Topic No. 11:

To testify regarding all policies, procedures, seminar materials, guidelines, statements, memos, booklets, training materials or other similar documents showing Honeywell's EEOC compliance efforts, including the titles and dates

---

[4]Mr. Williams was also noticed individually for his deposition. He is the Human Resource Manager for the Geismar location (rec. doc. 25-2).

[5]See Motion to compel (rec. doc. 23, page 2)

of any programs, workshops, and/or seminars on compliance with Title VII, freedom from discrimination and harassment, and the like.

Topic No. 17:

To testify regarding all employee benefits handbooks, charts, summaries, benefit booklets, health or life insurance policies, retirement benefits summaries or other similar documents describing all fringe benefits Plaintiff is eligible to receive from Honeywell.

Topic No. 21:

To testify with regard to Honeywell's insurance coverage and/or policies, and/or any and all contractual indemnity agreements that would be implicated in this case.

*Honeywell's Response:*

Honeywell's opposition to the motion to compel states, in pertinent part:

Specifically, topics 8 and 11 are overbroad in scope, irrelevant, and burdensome. These requests have no geographical or chronological scope, and purport to relate to every single employee of Honeywell. These are unreasonable and untenable requests. . . Request number 17 is overbroad in scope and not reasonably calculated to lead to the discovery of admissible evidence. . . . Nonetheless, Honeywell has previously produced documents describing the benefits offered to Honeywell employees at the Geismar location where Plaintiff is employed. There is simply no need fo either party to undergo the cost of a deposition for purposes of obtaining information that is readily available from documents (rec. doc. 25, page 5).

Honeywell stated in its objection to topic number 21 that it was "immaterial and seeks information that is neither relevant nor reasonably calculated to lead to discovery. Subject to and without waiving these objections, there is no responsive information." (rec. doc. 23-5, page 6)

Honeywell also states in its opposition that "if plaintiff's counsel thought it was necessary to depose an additional corporate representative following Mr. Williams' deposition, he was to notify counsel for defendant so that counsel for both parties could discuss. (rec. doc. 25, page 4) The parties dispute who told what to whom and when, but basically, Honeywell informed plaintiff that Mr. Williams would not be testifying regarding

the four topics at issue in the motion to compel, and Honeywell did not make another corporate representative available for deposition, despite having given plaintiff verbal and written assurances that it would do so. (rec. doc. 25-4, and deposition of Williams.) Honeywell had and continues to have an obligation to provide a corporate representative on these four topics. (F.R.C.P. Rule 30(b)(6)), unless the topics themselves are objectionable.

Plaintiff seeks discovery (deposition testimony and related documents) concerning Honeywell's EEOC policies and procedures, EEOC compliance efforts and training, employee benefits available to plaintiff, and Honeywell's insurance coverage relating to the issues in this case. These four topics (8, 11, 17, and 21) are the topics which Honeywell has designated as overbroad, irrelevant, and burdensome.

Honeywell is an international corporation employing more than 100,000 employees in more than 95 countries. At the Geismar location, Honeywell employs roughly 280 employees, 40 to 45 of which are women.[6] Plaintiff has not alleged any harassment at any location other than the Geismar facility, insofar as the court may determine. Therefore, it would hardly be burdensome or overbroad for Honeywell to produce a corporate representative to testify on these four topics so long as they relate to the Geismar location. Further, the court finds that a time frame of ten years is reasonable, given plaintiff's twelve year tenure. Indeed, a simple reading of plaintiff's re-notice of Rule 30(b)(6) deposition, topic 3, indicates that plaintiff was seeking testimony and documents regarding the Geismar plant for the last (10) years. (rec. doc. 23-4), an inference that topics 8, 11, and 17 were

---

[6]Rec. doc. 25-2, except from Williams deposition regarding Geismar location. Statistics regarding Honeywell's worldwide operations are available on Honeywell's website.

also for the Geismar location and the time period of ten years.  Therefore, the court finds that the areas of inquiry sought by plaintiff in topics 8, 11, 17, and 21[7] are specifically enumerated and Honeywell shall fulfill its obligations under Rule 30(b)(6) and produce a corporate representative to address these topics insofar as the Geismar location and the ten-year time frame are concerned.

### *The Request for Production of Documents*

The motion to compel addresses some seventeen requests for production, and alleges that Honeywell failed to produce documents or failed to completely produce documents.  Honeywell responds that it either fully produced the requested documents or asserted a valid objection and notes that it produced 943 documents.  The parties provided very little argument on the specific requests.[8]

At the Rule 30(b)(6) deposition, each of these requests were addressed.  As to requests 2, 5, 6, 7, 15, 16, 22, 26, and 27, Williams testified that the documents were produced, or if not produced, it was because the documents did not exist.  The court deems defendant's responses sufficient absent specific reasons in explanation by plaintiff as to their insufficiency, especially since the court has no idea what was or was not actually produced.

Plaintiff asserts that Honeywell failed to respond, or failed to completely respond to requests numbered 8, 10, 11, 12, 13, 17, 18, and 19.

---

[7]Although defendant stated there was no responsive information, defendant nevertheless can have his representative testify as to the lack of insurance coverage, if such is the case.  The listed objections are nothing more than boilerplate and have no merit.

[8]The court also is unable to determine whether or not defendant provided a formal response to the requests or a privilege log as these issues were not addressed in the opposition to the motion to compel.

Request No. 8 seeks "any and all company policy/policies, manuals, handbooks, or other written or non-written practices on equal opportunity employment, promotions, hiring, discipline, promoting, and firing, which is or was in effect since 2000 through present." Defendant states in its opposition produced the applicable employee handbook and the EEO policies for the Geismar location. Defendant further states that, to the extent plaintiff seeks documents beyond this scope, it re-asserts its objections.[9] Plaintiff seeks documentation which is clearly relevant, and defendant's objections are without explanation or merit insofar as they may relate to documentation applicable to the Geismar location. Defendant may have produced all such documentation, but the court is unable to determine that by the response, which lists only two documents. Defendant shall supplement this response with additional documents or state clearly that there are no further documents.

Request No. 10 seeks "any and all documents, memos, letters, policies, and or other items showing Johnny Gautreaux's job performance and/or quality of work." Plaintiff acknowledges that defendant produced Mr. Gautreaux's personnel file following the entry of a Joint Protective Order. Plaintiff complained, however, that no supervisory files regarding Mr. Gautreaux were produced and specifically asserted that Gautreaux's personnel file was missing evaluations and disciplinary actions, information customarily contained within an employee's personnel file, and if not in the employee personnel file, then contained elsewhere.

---

[9]Defendant's objections to request no. 8 were that the request was overbroad in time, scope and subject matter, unduly burdensome, not relevant, and not reasonably calculated to lead to evidence admissible at trial.

This request is relevant to plaintiff's claims, and defendant shall supplement its responses with the requested documents, regardless of where located, or state specifically that no such documents exist.

Request No. 11 seeks "all policies, procedures, seminar materials, guidelines, statements, memos, booklets, training materials or other similar documents showing Honeywell's EEOC compliance efforts, including the titles and dates of any programs, workshops, and/or seminars on compliance with Title VII, freedom from discrimination and harassment, and the like." Honeywell objects to this request as being overbroad in scope, irrelevant, and burdensome. It is unclear to the court whether Honeywell produced any documents. The court finds that this information is clearly relevant to plaintiff's claims, and Honeywell shall produce these documents as they relate to the Geismar location, within the specified ten-year period.

Request No. 12 seeks "any and all documents, memos, letters, policies, and/or other items showing Honeywell's management structure, including those people working above plaintiff at the Geismar plant as it existed for the last three (3) years." Honeywell objects to the production in its written response, and the deponent states that he thinks defendant produced responsive documents. The court cannot determine what was or was not done, but the question is clearly relevant and restricted both in scope and time. The request must be clearly answered.

Request No. 13 seeks "any and all statistical data collected on employees with regard to race, sex, age, income levels, or similar information." Defendant objects to the production of "any information in response to request number 13 because such data is not relevant in plaintiff's disparate impact gender discrimination and retaliation lawsuit." (rec.

doc. 25, page 10) Defendant further objects that this request is overbroad in scope and burdensome.

The information is relevant because plaintiff alleged a hostile work environment claim not only due to sex-based harassment directed toward her, but also due to sex-based and race-based harassment toward others in her presence. In the discovery stage of litigation, plaintiff is entitled to review the statistical data to determine the extent, if any, of race or sex discrimination occurring at the Geismar location. Defendant shall produce documents responsive to this request concerning the Geismar location and within the ten year time frame previously discussed.

Request No. 17 seeks information regarding benefits for which plaintiff is eligible. Defendant states in its opposition that it produced documents describing the benefits offered to its Geismar employees. The court deems defendant's responses sufficient absent specific reasons in explanation by plaintiff as to their insufficiency.

Request No. 18 seeks "any and all documents, memos, letters, policies, and/or other items showing employee discipline and employee praise or recognition, as well as employee evaluations." Defendant objects on the same grounds as its objections to Request No. 13; however, defendant states that it provided documents and even supplemented those documents. The court deems defendant's responses sufficient absent specific reasons in explanation by plaintiff as to their insufficiency, especially since the court has no idea what was or was not actually produced.

Request No. 19 requests "portions of defendant's federal income tax returns showing defendant's gross sales from 2003 through 2007." Defendant objected, and directed plaintiff to Honeywell's annual report, publicly available on the internet. Absent

some showing by the plaintiff as to the insufficiency of this response as it relates to an issue in the case, the response is sufficient.

The court reminds the parties of their continuing duty to supplement discovery.

*The Request for Sanctions against Honeywell*

Plaintiff correctly asserts that defendant has a duty to produce a corporate representative to testify on topics 8, 11, and 17, as Williams was unprepared to testify on these documents. Under F.R.C.P. Rule 37 (a)(3)(ii) and (4), the court has authority to issue sanctions. In this case, the court declines to issue sanctions because it is impossible to determine whether the problem is one of a mutual failure to communicate or a failure to produce. Regardless, Honeywell shall produce another corporate representative to testify on topics 8, 11, and 17 at a mutually convenient time.

According, **IT IS ORDERED** that:

Plaintiff's motion to compel (rec. doc. 23) is **GRANTED in part and DENIED in part** as follows:

1. The motion to compel another corporate representative for a Rule 30(6)(6) deposition is **GRANTED**, and defendant shall produce a corporate representative for a Rule 30(b)(6) deposition to testify on topics 8, 11, 17, and 21.

2. The motion to compel responses to requests nos. 2, 5, 6, 7, 15, 16, 17, 18, 19, 22, 26, and 27 is **DENIED** based on the testimony of Williams during the Rule 30(b)(6) deposition, which is deemed to be the formal response.

3. The motion to compel responses to requests nos. 8, 10, 11, 12, 13 is **GRANTED**, and defendant shall respond as ordered.

4. Defendant shall produce a comprehensive log of any documents which it has withheld as privileged, setting forth the following: the date, the author, the recipient(s), general statement regarding the document, and the specific basis for the privilege claim. Once plaintiffs have reviewed the privilege log, they may file a further motion to compel, if necessary.

5. The request for sanctions is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 25, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**